# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8109 | **DATE** | 1/21/2011 |
| **CASE TITLE** | Sandy Crawford (K-62792) vs. Robert Lylse, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3], and assesses an initial filing fee of $18.80. The Court authorizes trust fund account officials at Plaintiff's place of confinement to deduct the initial partial filing fee from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Vandalia Correctional Center. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. The clerk is directed to send to Plaintiff an amended civil rights complaint form and instructions for filing, along with a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case without prejudice.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Plaintiff Sandy Crawford (K-62792), an inmate currently at Vandalia Correctional Center, brings this 42 U.S.C. § 1983 civil rights action against Cook County Jail officials and officers. Plaintiff alleges that he was attacked by his cellmate at the Cook County Jail and officers refused to press charges against the cellmate. Plaintiff seeks to file his complaint *in forma pauperis*; he also seeks the appointment of counsel.

     Plaintiff's application to proceed *in forma pauperis* indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $18.80. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when funds exists, and to continue making monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Vandalia Correctional Center authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility. **(CONTINUED)**

isk

| STATEMENT |
|---|
| Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. *See* 28 U.S.C. § 1915A (a district court must conduct an initial review of every complaint filed by a prisoner and dismiss the complaint if it fails to state a claim upon which the court can grant relief). Plaintiff states that, on February 16, 2010, his cellmate at the Cook County Jail attacked him unexpectedly, kicking him in the nose, causing him to bleed, and then strangling him in a choke hold. Officer Turner arrived at the cell, and removed both inmates. Plaintiff was interviewed on camera about what happened, and was taken to Cermak Health Services where he received an x-ray of his nose, an ice pack, and a prescription for pain medication. Plaintiff was transferred to segregation and later appeared before a disciplinary committee, which found Plaintiff not guilty and placed him back in general population. Plaintiff received another medical examination on February 26, 2010, and because his "response was a little off," he was sent to Stroger Hospital for a CT Scan. Plaintiff stated that he wanted to press charges against his cellmate and filed a grievance to charge the cellmate, but to no avail.<br><br>The events described above do not state any federal civil rights claims. Plaintiff does not indicate that his cellmate posed a known threat to him such that any of the Defendants acted with deliberate indifference to Plaintiff's safety by allowing them to room together. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (an prison officer must be actually aware of a specific threat to be deliberately indifferent to a need to protect). Nor do Plaintiff's allegations indicate that anyone acted with deliberate indifference to Plaintiff's injuries. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). With respect to Plaintiff's grievances not being answered, or officers not pressing charges against the cell mate, neither assertion states a claim. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate"); *see also, e.g., Peterson v. United States,* 2003 WL 22053622, 7, No. 02-5996 (N.D. Ill. 2003) (Guzman, J.) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) (private individual has no legal right to compel a prosecution of another).<br><br>Accordingly, the Court dismisses the complaint without prejudice. The Court will allow Plaintiff an opportunity to submit an amended complaint that presents a valid claim. To proceed with this case, Plaintiff must submit an amended complaint that asserts a claim upon which this court can grant relief. Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies.<br><br>Plaintiff is given 30 days from the date of this order to submit an amended complaint that states a valid claim. Failure to comply with this order will result in dismissal of this case.<br><br>Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff's case is not overly complex at the current time and, despite his complaint not stating a valid federal cause of action, Plaintiff's pleadings indicate that he is competent to represent himself adequately at this time. |